IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ALAN YOCOM,

        Plaintiff,

  v.

WARDEN RANDY GROUNDS, et al.,

        Defendants.

_____/

**No. C 10-03609 SBA (PR)**

**ORDER SERVING COGNIZABLE CLAIMS; REFERRING CASE TO PRO SE PRISONER SETTLEMENT PROGRAM; AND ADDRESSING PLAINTIFF'S PENDING MOTIONS**

**(Docket nos. 3, 5, 7, 11, 14)**

**INTRODUCTION**

      Plaintiff, a state prisoner currently incarcerated at the Correctional Training Facility (CTF), has filed a <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983.  He alleges that Defendants violated his constitutional rights while he was housed at CTF from March 4, 2009 to July 28, 2010, the date he signed the complaint.  Plaintiff has also filed motions for a preliminary injunction (docket nos. 3, 7, 11, 14).  He has also filed a document entitled, "Motion to Officially Strike His Action Requested in His Civil Complaint for This Court to Restore His (EPRD) Earliest Possible Release Date to (4-18-2010)," which the Court construes as a motion to amend his complaint.  His motion for leave to proceed <u>in forma pauperis</u> has been granted.

      Venue is proper because the events giving rise to the claim are alleged to have occurred at CTF, which is located in this judicial district.  <u>See</u> 28 U.S.C. § 1391(b).

      In his complaint, Plaintiff names the following Defendants: Federal Receiver J. Clark Kelso; CTF Warden Randy Grounds; CTF Associate Warden Sisk; Drs. Martin Siegel and Willcox; CTF Lieutenants Palmer, Cowan, Benedetti and Whisenhunt; and "1-50 John or Jane Doe defendants."[1]  Plaintiff seeks monetary damages and injunctive relief.

      As mentioned above, Plaintiff also requests the Court "to restore his (EPRD) earliest possible release date to its appropriate date of 4-18-2012."  (Comp. at 15.)  However, in a motion

---

[1] While Plaintiff does not list Defendants Willcox, Palmer, Cowan, Benedetti and Whisenhunt in the caption or under the "Parties" section of his complaint, he alleges that they are each liable for certain constitutional violations in the "Statement of Claim" section.  Therefore, the Court construes them to be named Defendants.

United States District Court
For the Northern District of California

1  dated September 9, 2010, he asks the Court to "strike" his request to restore his EPRD to April 18,

2  2012.  (Pl.'s Sept. 9, 2010 Mot. at 1.)  The Court construes his motion as a request to amend his

3  complaint to delete the requested relief related to his EPRD, and it GRANTS his motion (docket no.

4  5).

5      The Court now reviews the remaining allegations in the complaint and addresses Plaintiff's

6  other pending motions below.

7                                          **DISCUSSION**

8  **I.      Standard of Review**

9      A federal court must conduct a preliminary screening in any case in which a prisoner seeks

10  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

11  § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that

12  are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

13  relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings

14  must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

15      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

16  (1) that a right secured by the Constitution or laws of the United States was violated, and

17  (2) that the alleged violation was committed by a person acting under the color of state law.  West v.

18  Atkins, 487 U.S. 42, 48 (1988).

19  **II.     Legal Claims**

20      **A.      Deliberate Indifference Claim**

21      Deliberate indifference to serious medical needs violates the Eighth Amendment's

22  proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976);

23  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX

24  Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781

25  F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination

26  of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's

27  response to that need.  See McGuckin, 974 F.2d at 1059.  A "serious" medical need exists if the

28  failure to treat a prisoner's condition could result in further significant injury or the "unnecessary

and wanton infliction of pain."  Id. (citing Estelle v. Gamble, 429 U.S. at 104).  A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's allegation that he suffers from "a major mental illness that requires psychotropic meds (antipsychotics & antidepressants) to treat," supports an inference that he has serious medical needs.  (Compl. at 5.)  Specifically, he claims that he has "previously [been] diagnosed multiple times for multiple mood disorders, including BI POLAR SCHIZOPHRENIA (halucinations [sic], extreme depression[]/mood swings) . . . [and] he has had multiple trials of antipsychotics & antidepressants to absolutely no avail, and side effects."  (Id.)  He adds that the "only known psych [sic] medications to treat his disorders was antipsychotic SEROQUEL, and the antidepressant WELLBRUTRIN [sic][2] in combinations, and mood stabilizer LITHIUM together."  (Id.)  Plaintiff claims that when he was transferred to CTF, his psychiatrist, Defendant Willcox, "discontinue[d] Plaintiff from the SER[O]QUEL claiming [protocol] left him no choice . . . regardless of the potential of Plaintiff destabilizing and/or adverse consequences, and refused to proscribe [sic] WELLB[]UTRIN."  (Id. at 7-8.)  Plaintiff claims Defendant Siegel, who is from the California Prison Health Care Services, is "in charge of approving all non-formulary request[s] for psychotropic medications;" therefore, Defendant Siegel is allegedly liable for the destabilization Plaintiff experienced after being denied these medications.  (Id. at 3.)  Liberally construed, Plaintiff's allegations that Defendants Willcox and Siegel failed to provide adequate medical treatment for his mental illness at CTF from March 4, 2009 to July 28, 2010 state a cognizable deliberate indifference claim against these Defendants.

**B.**    **Supervisory Liability Claim**

Plaintiff claims the following Defendants are liable as supervisors:  Defendant Kelso from California Prison Health Care Services, as well as Defendants Grounds and Sisk from CTF. Plaintiff must allege that each defendant, as a supervisor, "participated in or directed the violations,

---

[2] The correct spelling of this drug is Wellbutrin.

or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff claims that Defendant Kelso "perpetrated and/or failed to use a degree of skill and competent care usual among psychiatric professionals in the community with (deliberate indifference) and knowing destabilized Plaintiff whit deprivations of psychotropic medications known to treat his mental illness in direct violations of the 8th and 14th Amendments of the U.S. Const[itution]; and CCR Title 15, 3360(a)."  (Compl. at 10.)  However, Plaintiff has not made such a claim as to the remaining supervisors.  Accordingly, Plaintiff has stated a cognizable supervisory liability claim against Defendant Kelso.  Plaintiff's supervisory liability claims against Defendants Grounds and Sisk are DISMISSED WITH LEAVE TO AMEND.

   **C.    Due Process**

   An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence or causes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 487 (1995).  The process due in such a prison disciplinary proceeding includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex.  Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974).  Due process also requires that there be "some evidence" to support the disciplinary decision. Superintendent v. Hill, 472 U.S. 445, 454 (1985).  The Due Process Clause only requires that prisoners be afforded those procedures mandated by Wolff and its progeny; it does not require that a prison comply with its own, more generous procedures.  See Walker v. Sumner, 14 F.3d 1415, 1419-20  (9th Cir. 1994).

   Plaintiff alleges that on June 30, 2009, he "lost control of his behavior by allowing himself to be provoked by staff misconduct and 'disrespected staff'." (Compl. at 8.)  He was issued a serious rule violation.  He alleges that Defendant Palmer, the senior hearing officer (SHO), refused to allow him to present certain "supporting witnesses" demonstrating that he was provoked by staff misconduct.  Plaintiff claims that he was "mentally unstable due to the deprivations of his antipsychotics & antidepressants and was requesting [a] mental health assessment." (Id. at 12.)

However, Defendant Palmer "refused" his request for a "mental health assessment[]."  (Id. at 11.)

Plaintiff alleges that on August 18, 2009, he was denied access to the law library, but he was "compeled [sic] with an irrational compulsion to 'disobey the order' and [to] access the law library . . . ."  (Id. at 9.)  He received a "serious rule violation for 'disobeying [a] direct order.'"  (Id.)  He claims that Defendant Cowan, the SHO, "refused to have plaintiff 'mental health assessed' and denied staff assistance and the reporting employee [was called] as a witness."  (Id. at 12.)  Plaintiff also claims that he was denied "[a] witness and supporting documentation to present [his] defense of mitigation."  (Id. at 9.)  Again, he argues that the "irrational decision" was due to "denial of psych. meds and being intentionally obstructed and provoked by staff misconduct."  (Id.)

Plaintiff alleges that on September 11, 2009, he was issued a third serious rule violation for "'disobeying direct orders' to do the extra duty imposed from the first CDC-115 [serious rule violation]."  (Id.)  He claims that Defendant BeneDetti refused "mental health assessment" and "denied supporting witnesses."  (Id. at 12.)

Plaintiff claims he "appealed from all three serious CDC-115s [and the denial of psych meds] to absolutely no assistance."  (Id. at 9 (brackets in original).)

Liberally construed, Plaintiff's allegations in the complaint state a cognizable claim against Defendants Palmer, Cowan and Benedetti for violating his right to due process.

Plaintiff was issued a fourth serious rule violation on June 22, 2010, after he was "maliciously targeted for harassment and punishment for carrying his personal carry bag to the inmate law library."  (Id.)  He claims that Defendant Whisenhunt "properly conduct[ed] a mental health assessment," but "refused all supporting documentation and supporting witnesses and to even produce the evidence against Plaintiff."  (Id. at 12.)  As of the date Plaintiff signed the complaint, his inmate appeal as to this claim was "pending."  (Id.)  Because Plaintiff did not exhaust his available administrative remedies as to his claim against Defendant Whisenhunt prior to filing the complaint, it is DISMISSED as unexhausted.  See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while suit is pending).

**C.**     **Denial of Access to the Courts**

United States District Court
For the Northern District of California

Prisoners have a constitutional right to be afforded "'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" Lewis v. Casey, 518 U.S. 343, 351 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)).  This right applies to prisoners' challenges to their convictions or sentences or their conditions of confinement.  See id. at 355.  Prison officials may not "actively interfer[e] with inmates' attempts to prepare legal documents or file them."  Id. at 350 (citations omitted).  In order to state a cognizable claim for denial of access to the courts, a prisoner must allege an actual injury.  Id. at 349-50.  Specifically, the prisoner must allege that interference by prison officials hindered his or her efforts to pursue a legal claim.  Id. at 351.  Even if the prisoner makes this showing, the denial of access claim will fail if the hindrance of the prisoner's access to court was reasonably related to legitimate penological interests.  See id. at 361 (citing Turner v. Safley, 482 U.S. 78, 89 (1987)).

Plaintiff alleges that "CTF-Soledad-South Yard . . . failed to provide . . . legitimate law library [access] in compliance with Title 15 [of the California Code of Regulation]."  (Compl. at 13.) He claims the "access time has been extremely prejudicial, and the resources non-existent."  (Id.) He adds that on July 1, 2009, he filed a federal habeas petition "to challenge the very convictions that keep[] him incarcerated."  (Id.)  On October 19, 2009, he claims he also filed a civil rights case, "Yocom v. County of Tulare, Civil case # VCU-09-234899."  (Id.)  As mentioned above, he further claims that on August 18, 2009, he was issued a serious rule violation for "disobeying a direct order" by accessing the law library without permission because he was "researching and studying to amend the federal writ of habeas corpus and trying to research and file the civil law suit."  Also mentioned above is the fact that on June 22, 2010, Plaintiff was issued a serious rule violation for "simple contraband" when "Sgt. Verdesoto took control of Plaintiff's personal carry bag that he hauled his law materials to the inmate law library with for (10) months with blatant intent to 'harass' and 'punish' [him] for litigating."  (Id. at 14.)  Plaintiff claims that he "has been provoked by orders not to access the law library and issued conduct credit forfeitures, and targeted and 'harassed' by the defendants" and that his "criminal and civil actions have been prejudiced."  (Id.)  While Plaintiff claims that Defendants denied him meaningful access to the courts by limiting his law library access, the record shows he was actually able to present his issues by filing his federal habeas

1  petition and civil rights action.  Therefore, contrary to his claims, Plaintiff has not shown that he

2  was prejudiced by the aforementioned lack of access to the law library.  Accordingly, he has failed

3  to state a cognizable claim for denial of access to the courts.  Therefore, Plaintiff's denial of access

4  to the courts claim is DISMISSED with prejudice and without leave to amend.

5        **D.**        **<u>Claims Relating to Grievance System</u>**

6          Interests protected by the Due Process Clause may arise from two sources -- the Due Process

7  Clause itself and laws of the States.  <u>See</u> <u>Meachum v. Fano</u>, 427 U.S. 215, 223-27 (1976).  There is

8  no constitutional right to a prison administrative appeal or grievance system.  <u>Ramirez v. Galaza</u>,

9  334 F.3d 850, 860 (9th Cir. 2003).

10          However, Title 15 of the California Code of Regulations, section 3084, et seq. grants state

11  prisoners the right to a prison appeals process.  The regulations are purely procedural -- they require

12  the establishment of a procedural structure for reviewing prisoner complaints and set forth no

13  substantive standards.  Instead, they provide for flexible appeal time limits, <u>see</u> Cal. Code Regs. tit.

14  15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an

15  appeal," <u>id.</u> § 3084.1(d).  A provision that merely sets procedural requirements, even if mandatory,

16  cannot form the basis of a constitutionally cognizable liberty interest.  <u>Smith v. Noonan</u>, 992 F.2d

17  987, 989 (9th Cir. 1993); <u>see, e.g.</u>, <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison

18  grievance procedure is procedural right that does not give rise to protected liberty interest requiring

19  procedural protections of Due Process Clause); <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir.

20  1993) (same); <u>Azeez v. DeRobertis</u>, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (same).  Accordingly, a

21  prison official's failure to process grievances, without more, is not actionable under § 1983.  <u>See</u>

22  <u>Buckley</u>, 997 F.2d at 495; <u>see also</u> <u>Ramirez</u>, 334 F.3d at 860 (prisoner's claimed loss of liberty

23  interest in processing of his appeals does not violate due process because prisoners lack a separate

24  constitutional entitlement to a specific prison grievance system).  Although there is a First

25  Amendment right to petition government for redress of grievances, there is no right to a response or

26  any particular action.  <u>See</u> <u>Flick v. Alba</u>, 932 F.2d 728 (8th Cir. 1991) ("prisoner's right to petition

27  the government for redress . . . is not compromised by the prison's refusal to entertain his

28  grievance.").

1   Here, Plaintiff claims that he filed an inmate grievance to "challenge the fact that

2   Psychiatrist Dr. Willcox discontinued his vital antopsychotic SEROQUEL and refused to prescribe

3   antidepressant WELLB[]UTRIN and because it was destabilizing him immediately."  (Compl. at

4   15.)  Plaintiff alleges that "[i]t unjustifiably took one year just to deny relief with distorted facts."

5   (Id.)  He also alleges he "exhausted all levels of review[] on the three disciplinary violations of

6   2009," but that "[a]ppeals coordinators have used tactical delays, and caused injuries themselves."

7   (Id.)  Plaintiff's claim that his constitutional rights were violated by the failings of the prison

8   administrative grievance system -- mostly due to the alleged delays in reviewing his inmate

9   grievances -- is DISMISSED with prejudice and without leave to amend.

10          **E.        Claim Against Doe Defendants**

11          Plaintiff identifies "1-50 John or Jane Doe defendants" whose names he intends to learn

12   through discovery.  The use of Doe defendants is not favored in the Ninth Circuit.  See Gillespie v.

13   Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, where the identity of alleged defendants

14   cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity

15   through discovery to identify them.  Id.  Failure to afford the plaintiff such an opportunity is error.

16   See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  Accordingly, the claims against

17   "1-50 John or Jane Doe defendants" are DISMISSED from this action without prejudice.  Should

18   Plaintiff learn these Doe Defendants' identities through discovery, he may move to file an amended

19   complaint to add them as named defendants.  See Brass v. County of Los Angeles, 328 F.3d 1192,

20   1195-98 (9th Cir. 2003).

21   **III.    Motions for a Preliminary Injunction**

22          Plaintiff seeks immediate injunctive relief (docket nos. 3, 7, 11, 14).  Prior to granting a

23   preliminary injunction, however, notice to the adverse party is required.  See Fed. R. Civ. P.

24   65(a)(1).  Therefore, a motion for preliminary injunction cannot be decided until the parties to the

25   action are served.  See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).

26          The decision of whether to grant or deny a motion for preliminary injunction is a matter of

27   the district court's discretion.  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

28   1052 (9th Cir. 2009).  The standard for assessing a motion for preliminary injunction is set forth in

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1   Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 376 (2008).  "Under Winter, plaintiffs

2   seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits;

3   (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of

4   equities tips in their favor; and (4) a preliminary injunction is in the public interest."  Sierra Forest

5   Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009).

6          Immediate injunctive relief, such as a temporary restraining order, may be granted without

7   written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from

8   specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury,

9   loss or damage will result to the applicant before the adverse party or the party's attorney can be

10  heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which

11  have been made to give notice and the reasons supporting the claim that notice should not be

12  required.  See Fed. R. Civ. P. 65(b).

13         Plaintiff swears under penalty of perjury that the information contained in his operative

14  complaint as well as his motions for a preliminary injunction are true and correct, and thus these

15  pleadings may be deemed an affidavit.  Although the pleadings describe Plaintiff's circumstances

16  with a fair amount of specificity, as noted below, it does not clearly appear from the pleadings that

17  Plaintiff will suffer immediate injury before Defendants can be given an opportunity to respond.

18

19         In his August 23, 2010 motion for a preliminary injunction, Plaintiff claims that prison

20  officials have:

21         deliberately deprived him of the only known psychotropic medications
           [SER[O]QUEL and WELLB[]UTRIN] to treat his serious medical health care
22         concerns since March of 2009; and as a direct result, multiple injuries in the form of
           mental instability and/or behaviour disturbances has occured [sic] with (4)
23         disciplinary actions unjustifiably taken against the plaintiff with 120 days of
           conduct credit forfeitures.
24
25  (Pl.'s Aug. 23, 2010 Mot. at 2.)  Plaintiff further alleges that they "offered non-formulary

26  ZYPREXA" but he "destabilized immediately and appealed his mental health care."  (Id.)

27         In his other motions for a preliminary injunction, Plaintiff claims that CTF prison officials

28  have "retaliated against [him] for filing this lawsuit" and "[a]s of (9-11-10) said defendants

    conspired against Plaintiff to inflict new punishments upon [him] by attempting to fabricate a new

United States District Court
For the Northern District of California

1    rule violation and/or commitment against plaintiff . . . for possession of a controlled substance" and

2    by "interfer[ing] with plaintiff's regular medical care and ordered the medical doctor to discontinue

3    critical/vital narcotic pain killers to treat plaintiff's well diagnosed severe two level herniation of c-

4    spine." (Pl.'s Oct. 1, 2010 Mot. at 1.) Specifically, Plaintiff claims that CTF prison officials

5    "alleged they found a substance to wit. "Morphine" in his locker that only they witnessed and

6    tested." (Pl.'s Nov. 3, 2010 Mot. at 1.) Plaintiff alleges that prison officials "refuse[d] to allow the

7    plaintiff his rights for outside laboratory testing," and they "blatantly manufactured this violation

8    against [him] . . . ." (Id.) As a result of receiving the rule violation report, Plaintiff claims that "[o]n

9    (10-13-10) Lt. Whisenhunt unlawfully found plaintiff guilty and imposed a 130 day permanent

10   forfeiture of [his] conduct credits . . . ." (Id.) In his January 21, 2011 motion for a preliminary

11   injunction, Plaintiff claims that CTF prison officials continue to "blatantly retaliate against [him] by

12   manufacturing SERIOUS RULE VIOLATIONS and FORFEITING conduct credits without just

13   cause, and that he is now retained at a "BEHAVIOUR MODIFICATION UNIT," which is not in

14   compliance with Title 15 of the California Code of Regulations. (Pl.'s Jan. 21, 2011 Mot. at 2.)

15   Plaintiff claims he "is being retained in this UNIT for the alleged 'unauthorized possession of simple

16   highlighters/markers, and an alleged substance to wit. "Morphine residue" that only custody

17   observed and tested." (Id.)

18          The Court concludes that Plaintiff's requests for temporary injunctive relief should not be

19   granted without affording Defendants notice and an opportunity to be heard. In light of these

20   circumstances, the Court will not rule on Plaintiff's motions for a preliminary injunction at this time

21   as he has neither complied with the notice requirement for issuance of a preliminary injunction, see

22   Fed. R. Civ. P. 65(a)(1), nor has he certified any efforts made to give notice and the reasons why it

23   should not be required, Fed. R. Civ. P. 65(b)(1)(B). Accordingly, the motions for a preliminary

24   injunction (docket nos. 3, 7, 11, 14) are DENIED as premature without prejudice to Plaintiff filing a

25   properly noticed request for a preliminary injunction and consolidating his motions into one

26   renewed motion. Once Plaintiff files his renewed motion, Defendants are ORDERED to respond to

27   his motion, as directed below.

28   **IV.    Pro Se Prisoner Settlement Program**

**United States District Court**
For the Northern District of California

1    The Northern District of California has established a Pro Se Prisoner Settlement Program.

2    Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement

3    proceedings.  The proceedings will consist of one or more conferences as determined by Magistrate

4    Judge Nandor Vadas.

5    Good cause appearing, the present case will be REFERRED to Magistrate Judge Vadas for

6    settlement proceedings pursuant to the Pro Se Prisoner Settlement Program.  The proceedings shall

7    take place within **ninety (90) days** after the date of this Order; or as soon thereafter as is convenient

8    to the magistrate judge's calendar.  Magistrate Judge Vadas shall coordinate a time and date for a

9    settlement proceeding with all interested parties and/or their representatives and, within **ten (10)**

10   **days** after the conclusion of the settlement proceedings, file with the Court a report regarding the

11   settlement proceedings.

**CONCLUSION**

13   For the foregoing reasons, the Court orders as follows:

14   1.    Plaintiff's allegations that Defendants Willcox and Siegel failed to provide adequate

15   medical treatment for his mental illness at CTF from March 4, 2009 to July 28, 2010 state a

16   cognizable deliberate indifference claim against these Defendants.

17   2.    Plaintiff has stated a cognizable supervisory liability claim against Defendant Kelso.

18   3.    Plaintiff's supervisory liability claims against Defendants Grounds and Sisk are

19   DISMISSED WITH LEAVE TO AMEND as indicated above.  Within **thirty (30) days** of the date

20   of this Order Plaintiff may file amended supervisory liability claims against these Defendants

21   (Plaintiff shall resubmit only that claim and not the entire complaint) as set forth above in Section

22   II(B) of this Order.)  The amended claim must be submitted on an amendment to the complaint.  It

23   must include the caption as well as the civil case number of this action (C 10-03609 SBA (PR)) and

24   the words AMENDMENT TO THE COMPLAINT on the first page.  The failure to do so will result

25   in the dismissal without prejudice of the supervisory liability claims against Defendants Grounds

26   and Sisk.

27   4.    Plaintiff has stated a cognizable claim against Defendants Palmer, Cowan and

28   Benedetti for violating his right to due process.  Because Plaintiff did not exhaust his available

11

**United States District Court**
For the Northern District of California

1    administrative remedies as to his due process claim against Defendant Whisenhunt prior to filing the

2    complaint, it is DISMISSED without prejudice as unexhausted.

3         5.       Plaintiff's denial of access to the courts claim is DISMISSED with prejudice and

4    without leave to amend.

5         6.       Plaintiff's claim that his constitutional rights were violated by the failings of the

6    prison administrative grievance system is DISMISSED with prejudice and without leave to amend.

7         7.       Plaintiff's claims against the Doe Defendants are DISMISSED from this action

8    without prejudice.

9         8.       The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

10   Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and

11   all attachments thereto (docket no. 1), and a copy of this Order to **Defendants CTF Psychiatrist**

12   **Willcox as well as CTF Lieutenants Palmer, Cowan and BeneDetti at CTF; and Defendants**

13   **Federal Receiver J. Clark Kelso and Dr. Martin Siegel at the California Prison Health Care**

14   **Services in Sacramento, California.**  The Clerk of the Court shall also mail a copy of the

15   complaint and a copy of this Order to the State Attorney General's Office in San Francisco.

16   Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

17        9.       Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires

18   them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant

19   to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of

20   Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of

21   such service unless good cause be shown for their failure to sign and return the waiver form.  If

22   service is waived, this action will proceed as if Defendants had been served on the date that the

23   waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve

24   and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.

25   (This allows a longer time to respond than would be required if formal service of summons is

26   necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that

27   more completely describes the duties of the parties with regard to waiver of service of the summons.

28   If service is waived after the date provided in the Notice but before Defendants have been

1   personally served, the Answer shall be due **sixty (60) days** from the date on which the request for

2   waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3             10.     Defendants shall answer the complaint in accordance with the Federal Rules of Civil

4   Procedure.  The following briefing schedule shall govern dispositive motions in this action:

5             a.     No later than **ninety (90) days** from the date their answer is due, Defendants

6   shall file a motion for summary judgment or other dispositive motion.  The motion shall be

7   supported by adequate factual documentation and shall conform in all respects to Federal Rule of

8   Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary

9   judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All

10  papers filed with the Court shall be promptly served on Plaintiff.

11            b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court

12  and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion

13  is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs

14  facing a summary judgment motion:

15            The defendants have made a motion for summary  judgment by which they
    seek to have your case dismissed.  A motion for summary judgment under Rule 56 of
16  the Federal Rules of Civil Procedure will, if granted, end your case.

17            Rule 56 tells you what you must do in order to oppose a motion for summary
    judgment.  Generally, summary judgment must be granted when there is no genuine
18  issue of material fact -- that is, if there is no real dispute about any fact that would
    affect the result of your case, the party who asked for summary judgment is entitled
19  to judgment as a matter of law, which will end your case.  When a party you are
    suing makes a motion for summary judgment that is properly supported by
20  declarations (or other sworn testimony), you cannot simply rely on what your
    complaint says.  Instead, you must set out specific facts in declarations, depositions,
21  answers to interrogatories, or authenticated documents, as provided in Rule 56(e),
    that contradict the facts shown in the defendant's declarations and documents and
22  show that there is a genuine issue of material fact for trial.  If you do not submit your
    own evidence in opposition, summary judgment, if appropriate, may be entered
23  against you.  If summary judgment is granted [in favor of the defendants], your case
    will be dismissed and there will be no trial.
24
25  See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

26            Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex</u>

27  <u>Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with

28  evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is

United States District Court
For the Northern District of California

cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

        c.     Defendants shall file a reply brief no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

        d.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

11.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

12.     All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

13.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion

14.     Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

15.     Plaintiff's motions for a preliminary injunction (docket nos. 3, 7, 11, 14) are DENIED without prejudice to filing a properly noticed request for a preliminary injunction and consolidating his four motions into one renewed motion.  In order to expedite the resolution of this case, the Court orders as follows:

        a.     Plaintiff may file a renewed motion for a preliminary injunction no later than **thirty (30) days** from the date of this Order.

        b.     Defendants shall respond to Plaintiff's renewed motion no later than **thirty**

**(30) days** from the date that motion is filed.  The response to the request for a preliminary injunction shall be supported by adequate factual documentation and shall conform in all respects to the Federal Rules of Civil Procedure, and all papers filed with the Court shall be promptly served on Plaintiff.  Even if Plaintiff chooses not to file a renewed motion for a preliminary injunction, Defendants are still directed -- on the same date their answer is due -- to inform the Court if they plan to act on the alleged "destabiliz[ation]" of Plaintiff due to being "offered non-formulary ZYPREXA" and if Plaintiff has received any more alleged "fabricate[d]" rule violation reports, which are the issues raised in his previously-filed motions for a preliminary injunction.

        c.     Plaintiff may file a reply within **thirty (30) days** of the date Defendants' response is filed.  Plaintiff's reply should be supported by factual documentation and should demonstrate why Plaintiff satisfies the standard for assessing a request for a preliminary injunction, which is set forth in <u>Winter</u>, and has been outlined above.

        16.     Plaintiff's "Motion to Officially Strike His Action Requested in His Civil Complaint for This Court to Restore His (EPRD) Earliest Possible Release Date to (4-18-2010)" (docket no. 5), which has been construed as a motion to amend his complaint to delete the requested relief related to his EPRD, is GRANTED.

        17.     This action has been referred to the Pro Se Prisoner Settlement Program.  **The Clerk of the Court shall provide a copy of the court documents that are not available electronically, including a copy of this Order, to Magistrate Judge Vadas in Eureka, California.**

        18.     This Order terminates Docket nos. 3, 5, 7, 11 and 14.

DATED: <u>March 31, 2011</u>

                                         _Saundra B Armstrong_
                                       SAUNDRA BROWN ARMSTRONG
                                     United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ALAN YOCOM,

        Plaintiff,

   v.

CTF-SOLEDAD et al,

        Defendant.

_____/

Case Number: CV10-03609 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 13, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Alan Yocom K-22960
D6-05L
CTF-Soledad State Prison - South Yard Facility
P.O. Box 690
Soledad,  CA 93960-0690

Dated: April 13, 2011

                         Richard W. Wieking, Clerk
                         By: LISA R CLARK, Deputy Clerk

United States District Court
For the Northern District of California