United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ALAN YOCOM,

        Plaintiff,

  v.

RANDY GROUNDS, Warden, et al.,

        Defendants.

_____/

No. C 10-03609 SBA (PR)

**ORDER GRANTING DEFENDANT KELSO'S
MOTION FOR SUMMARY JUDGMENT;
GRANTING REMAINING SERVED
DEFENDANTS' MOTION FOR JUDGMENT ON
PLEADINGS; DENYING PLAINTIFF'S CROSS
MOTION FOR SUMMARY JUDGMENT; AND
ADDRESSING OTHER PENDING MOTIONS**

(Docket Nos. 31, 32, 33, 61, 63, 72, 74, 77, 79, 80, 86,
90, 92, 99, 101, 105, 107, 115, 117)

**BACKGROUND**

Plaintiff, a state prisoner incarcerated at the Correctional Training Facility (CTF), brings the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 claiming Defendants violated his constitutional rights.  He alleges that he suffers from mental illnesses, including bipolar schizophrenia, which require treatment with the medications Seroquel, Wellbutrin, and Lithium. (Compl. at 5.)  Plaintiff alleges that in or about 2009, he became unstable when Defendant Dr. Wilcox, his psychiatrist at CTF, and Defendant Dr. Siegel, a CTF medical staff member, denied him these medications.  (Id. at 3, 5, 7-8, 10-11.)  Plaintiff further alleges that Defendant Federal Receiver J. Clark Kelso[1] was aware of the denial of the medications.  (Id. at 10.)  Plaintiff claims that Defendants Wilcox, Siegel, and Kelso were deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment rights, by denying him the medications.  Plaintiff further alleges that Defendants Palmer, Cowan, and Benedetti, CTF Lieutenants who presided over separate disciplinary hearings against Plaintiff in 2009, variously failed to assess Plaintiff's mental health, disallowed him from calling witnesses, denied him staff assistance, and did not have him sign relevant rules violation reports.  (Compl. at 11-12.)  Plaintiff claims that these Defendants' actions deprived him of his federal right to due process.  (Id.)

_____

[1] Defendant Kelso was appointed as the Federal Receiver for the California prisons' medical care system by the Honorable Thelton E. Henderson on January 23, 2008 in Plata, et al. v. Schwarzenegger, et al., Case No. 01-1391 TEH (N.D. Cal.).

In an Order of Service dated March 31, 2011, the Court found that, liberally construed, the complaint stated cognizable claims of deliberate indifference to serious medical needs against Defendants Siegel and Wilcox, supervisory liability against Defendant Kelso, and due process violations against Defendants Palmer, Cowan, and Benedetti.  (Mar. 31, 2011 Order of Service at 2-5.)  The Court ordered service of the complaint and directed the aforementioned Defendants to respond.  The Court dismissed with leave to amend Plaintiff's claims of supervisory liability against Defendants CTF Warden Randy Grounds and CTF Associate Warden Sisk, giving Plaintiff thirty days to amend his claim to show that these Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  (Id. at 3-4.)  The Court dismissed the remaining claims without leave to amend.  The Court ordered Plaintiff to consolidate his four motions for a preliminary injunction and to file a renewed motion within thirty days.  (Id. at 9-10.)

On June 2, 2011, Plaintiff filed a renewed motion for a preliminary injunction, seeking independent psychological and physical evaluations, so as to be prescribed certain medications.  Thereafter, Defendants filed an opposition.  (Docket no. 46.)

On June 14, 2011, Defendant Kelso filed a Notice of Waiver of Answer.  (Docket no. 34.)  On the same day, Defendants Wilcox, Palmer, Cowan, and Benedetti filed their answer to the complaint.  (Docket no. 35.)  To date, Defendant Siegel has neither been served, nor has he filed an answer to the complaint.

On June 22, 2011, Plaintiff moved for leave to amend the complaint as to the supervisory liability claims against Defendants Grounds and Sisk, arising from his due process claims.  (Docket no. 31.)  Thereafter, Plaintiff filed three more motions for leave to amend the complaint.  (Docket nos. 86, 92, 117.)

On August 15, 2011, Defendant Kelso moved for summary judgment.  (Docket no. 61.)  Plaintiff has filed an opposition.  (Docket no. 68.)  Defendant Kelso has a filed a reply.  (Docket no. 89.)

On August 16, 2011, Defendants Wilcox, Palmer, Cowan, and Benedetti moved for leave to amend their answer to assert the defenses of res judicata and collateral estoppel.  (Docket no. 63.)

United States District Court
For the Northern District of California

1   On September 12, 2011, they moved for judgment on the pleadings, along with Defendant Siegel.[2]

2   (Docket no. 74.)  Plaintiff has filed oppositions to these motions.  (Docket nos. 84, 97.)  The

3   remaining Defendants have filed a reply.  (Docket no. 88.)

4        On January 12, 2012, Plaintiff cross-moved for summary judgment.  (Docket no. 107.)

5   Defendants have filed oppositions.  (Docket nos. 109, 114.)

6        Also before the Court are Plaintiff's other pending motions, including his motions for a

7   settlement hearing (docket nos. 80, 101), a restraining order (docket no. 72), a court hearing (docket

8   nos. 33, 77, 79, 99), to appoint counsel (docket nos. 79, 90, 115), and to strike Defendants' motions

9   (docket no. 105).

10        For the reasons discussed below, the Court orders as follows: (1) Plaintiff's motion for leave

11  to amend claims against Defendants Grounds and Sisk is GRANTED; (2) Plaintiff's motion for

12  preliminary injunction is DENIED; (3) Defendant Kelso's Motion for Summary Judgment is

13  GRANTED; (4) the remaining served Defendants' Motion for Leave to Amend Answer is

14  GRANTED; (5) the Motion for Judgment on the Pleadings is GRANTED as to the remaining served

15  Defendants as well as unserved Defendants Siegel, Grounds, and Sisk; (6) Plaintiff's cross motion

16  for summary judgment is DENIED; and (7) Plaintiff's other pending motions are DENIED.

17                          **DISCUSSION**

18  **I.**   **Plaintiff's Motions for Leave to Amend the Complaint**

19        **A.**   **Legal Standard**

20        "[A] party may amend its pleading only with the opposing party's written consent or the

21  court's leave."  See Fed. R. Civ. P. 15(a)(2).  The district court may exercise its discretion to deny a

22  motion for leave to amend where the amendment of the complaint would cause the opposing party

23  undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay.

24  See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).  "[A] district court has broad

25  discretion to grant or deny leave to amend, particularly where the court has already given a plaintiff

26  _____

27        [2] As mentioned above, Defendant Siegel has not been served with the complaint; however,
    he has appeared through counsel to bring a motion for judgment on the pleadings.  "A general

28  appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will
    waive any defect in service or personal jurisdiction."  Cf. Benny v. Pipes, 799 F.2d 489, 492 (9th
    Cir. 1986); Fed. R. Civ. P. 12(h)(1).  Thus, the Court exercises jurisdiction over Defendant Siegel.

1    one or more opportunities to amend his complaint to allege federal claims." <u>Mir v. Fosburg</u>, 646

2    F.2d 342, 347 (9th Cir. 1996); <u>see also</u> <u>Wagh v. Metris Direct, Inc.</u>, 363 F.3d 821, 830 (9th Cir.

3    2003) (a district court's discretion to deny leave to amend is particularly broad where plaintiff has

4    previously filed amended complaint).

5          **B.**      **Motion for Leave to Amend Claims as to Defendants Grounds and Sisk**

6          In its March 31, 2011 Order of Service, the Court found that the original complaint did not

7    state cognizable claims against Defendants Grounds and Sisk, and gave Plaintiff thirty days to

8    amend.  (Docket no. 16.)  On June 2, 2011, Plaintiff moved for leave to amend the complaint to add

9    allegations as to these two Defendants, alleging that they are liable as supervisors for the due

10   process violations claimed in the original complaint.  (Docket no. 31.)

11         A properly pled claim for supervisory liability requires allegations that the defendant, as a

12   supervisor, "participated in or directed the violations or knew of the violations and failed to act to

13   prevent them."  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

14         In his motion for leave to amend, Plaintiff alleges he informed Defendant Grounds, the

15   warden at CTF, about the constitutional violations at three disciplinary hearings at issue -- after

16   these hearings had taken place -- but he failed to act to correct these violations.  (First Mot. to

17   Amend at 2.)  The Court liberally construes this allegation as a claim that Defendant Grounds

18   participated in the claimed due process violations; therefore, the proposed amendment to the

19   complaint states a cognizable claim of a due process violation against Defendant Grounds.  <u>See</u>

20   <u>Taylor</u>, 880 F.2d at 1045.

21         Plaintiff also claims that Defendant Sisk, the Associate Warden and the Chief Disciplinary

22   Officer at CTF, violated Plaintiff's due process rights in connection with the three disciplinary

23   hearings at issue because he "approved . . . the serious rule violations after Plaintiff was found

24   guilty . . . ."  (First Mot. to Am. at 2-3.)  Similar to Plaintiff's claims against Defendant Grounds, the

25   Court liberally construes this allegation to show participation by Defendant Sisk in the claimed due

26   process violations, and finds that the proposed amendment to the complaint states a cognizable claim

27   of a due process violation against Defendant Sisk.  <u>See</u> <u>Taylor</u>, 880 F.2d at 1045.

28         Because the proposed amendment to the complaint properly states cognizable due process

1   claims against unserved Defendants Grounds and Sisk, Plaintiff's motion for leave to amend these

2   claims is GRANTED.

3        **C.   <u>Second Motion for Leave to Amend</u>**

4        In the second motion for leave to amend the complaint, Plaintiff alleges that since the filing

5   of the complaint, prison officials have been torturing him by denying him medication, causing him

6   to attempt suicide, and generally retaliating against him for filing this lawsuit.  (Docket no. 86.)

7   These allegations are irrelevant to the legal claims presented in the original complaint.  The second

8   motion for leave to amend is DENIED; however, Plaintiff's allegations may form the basis of other

9   legal claims, which may be pursued in a new action.  Therefore, the denial is without prejudice to

10  Plaintiff pursuing such claims in a new and separate complaint.

11       **D.   <u>Third Motion for Leave to Amend</u>**

12       In the third motion for leave to amend the complaint, Plaintiff seeks to add new claims

13  against Staff Services Manager Margaret Shea of Defendant Kelso's staff, alleging that Ms. Shea

14  was deliberately indifferent to Plaintiff's serious medical needs.  (Third Mot. to Am. at 7.)  The

15  evidence submitted in support of Defendant Kelso's motion for summary judgment shows that Ms.

16  Shea corresponded with Plaintiff on August 3, 2009 and on October 7, 2009, before he filed the

17  complaint on August 17, 2010.  (Decl. Shea, Exs. F, G.)  Plaintiff, however, does not explain his

18  failure to allege facts about Ms. Shea in any of his prior pleadings.  Moreover, as mentioned above,

19  Defendant Kelso has filed his motion for summary judgment, and the remaining served Defendants

20  have also filed a dispositive motion.  The Court finds that permitting Plaintiff to add these new

21  allegations to his deliberate indifference claim at this late stage in the proceedings would cause

22  undue prejudice to Defendants and create undue delay of the resolution of this case.  <u>See</u> <u>Janicki</u>

23  <u>Logging Co.</u>, 42 F.3d at 566.  Therefore, leave to amend is DENIED, and the claim against Ms. Shea

24  is DISMISSED without prejudice to pursuing it in a new and separate complaint.

25       **E.   <u>Fourth Motion for Leave to Amend</u>**

26       Finally, in the fourth motion for leave to amend the complaint Plaintiff seeks to remove his

27  references to specific amounts of damages, and instead generally claim damages according to proof.

28  (Docket no. 117.)  While this motion does not prejudice Defendants or delay resolution of the case,

**United States District Court**
For the Northern District of California

1    the Court need not address this motion because, as discussed below, Defendants' dispositive motions

2    will be granted and the case will be closed.  Accordingly, this motion is DENIED as moot.

3    **II.**      **Plaintiff's Renewed Motion for Preliminary Injunction**

4              In Plaintiff's renewed motion for preliminary injunction, he requests independent

5    psychological and physical examinations so that he can be prescribed certain medications for his

6    pain and for his bipolar schizophrenia.  (Mot. for Prelim. Inj. at 1.)  In support of this request, he

7    alleges that on March 4, 2009, he was taken off psychotropic medications to treat "mental health

8    care concerns."  (Id. at 2-3.)   He further alleges that on September 11, 2010, Defendants stopped

9    prescribing narcotic medications to treat his pain, after non-defendant prison officials manufactured

10   evidence of his use of morphine.  Defendants have opposed the motion, arguing that Plaintiff is not

11   likely to succeed on the merits of his deliberate indifference claim, and that equitable relief is barred

12   by pending class action litigation.  (Opp'n to Mot. for Prelim. Inj. at 3-7.)

13            **A.**      **Legal Standard**

14            "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the

15   merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

16   balance of equities tips in his favor, and that an injunction is in the public interest." Winter v.

17   Natural Resources Defense Council, Inc., 555 U.S. 7, 19 (2008).  Where the court concludes that the

18   movant has failed to show a likelihood of success on the merits, in its discretion, it need not consider

19   whether the movant would suffer irreparable injury. Guzman v. Shewry, 552 F.3d 941, 948 (9th Cir.

20   2009).

21            **B.**      **Applicable Law**

22            In  order for Plaintiff to attain a preliminary injunction for psychological and physical

23   evaluations so that he can be prescribed certain medications, he must show a likelihood that he could

24   succeed on the merits of his claim of deliberate indifference to serious medical needs.

25            Deliberate indifference to serious medical needs violates the Eighth Amendment's

26   proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).

27   A determination of "deliberate indifference" involves an examination of two elements: the

28   seriousness of the prisoner's medical need and the nature of a defendant's response to that need. See

6

**United States District Court**
For the Northern District of California

1   McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX

2   Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

3          To prevail on this claim, Plaintiff would have to show that his medical needs were

4   objectively serious, and that Defendants possessed a sufficiently culpable state of mind.  See id. at

5   1060; Leer v. Murphy, 844 F.2d 628, 633-634 (9th Cir. 1988).

6          A "serious" medical need exists if the failure to treat a prisoner's condition could result in

7   further significant injury or the "unnecessary and wanton infliction of pain."  McGuckin, 974 F.2d at

8   1059 (citing Estelle, 429 U.S. at 104).  The existence of an injury that a reasonable doctor or patient

9   would find important and worthy of comment or treatment; the presence of a medical condition that

10  significantly affects an individual's daily activities; or the existence of chronic and substantial pain

11  are examples of indications that a prisoner has a "serious" need for medical treatment.  Id. at 1059-

12  60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

13         Regarding the second element, deliberate indifference is a disregard of harm of which the

14  actor is actually aware.  Farmer v. Brennan, 511 U.S. 825, 838-842 (1994).  "[T]he official must

15  both be aware of facts from which the inference can be drawn that a substantial risk of serious harm

16  exists, and he must also draw the inference."  Id. at 837.  A defendant is only liable if he knows that

17  a plaintiff faces "a substantial risk of serious harm, and disregards that risk by failing to take

18  reasonable measures to abate it."  Id. at 847.  A mere difference of opinion as to which

19  medically-acceptable course of treatment should be followed does not establish deliberate

20  indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); see also Toguchi v. Chung, 391

21  F.3d 1051, 1059 (9th Cir. 2004).

22         **C.    <u>Analysis</u>**

23         Accepting as true all of the allegations Plaintiff sets forth in his motion for a preliminary

24  injunction and in his complaint, Plaintiff has not shown that he could succeed on the merits of his

25  deliberate indifference claim.  Even assuming Plaintiff could succeed on the first element, i.e., that

26  his medical needs were objectively serious, he has not shown that he is likely to succeed on the

27  second element, that Defendants acted with deliberate indifference to his needs.

28         Regarding Plaintiff's request for independent psychological evaluations, he argues that

Defendant Wilcox discontinued Plaintiff's prescription for Seroquel, a non-formulary medication (falling outside the medical plan at CTF), due to CTF protocol requiring that patients first try formulary medications (falling within the medical plan at CTF).  (Compl. at 7-8.)  Plaintiff then refused trials of formulary medications.  (Id. at 11.)  Plaintiff has no likelihood of success on the merits of a claim that Defendants deliberately acted with disregard for his medical needs by choosing a formulary course of treatment over a non-formulary one because a difference of medical opinion does not establish deliberate indifference.  See Sanchez, 891 F.2d at 242.  Accordingly, Plaintiff's request for an independent psychological evaluation is DENIED.

Regarding Plaintiff's request for an independent physical evaluations, he alleges that non-defendant prison officials manufactured evidence that Plaintiff improperly possessed or used morphine, and that this led to the termination of his narcotic medications prescriptions.  (Mot. For Prelim. Inj. at 2-3.)  Plaintiff is not likely to succeed on a claim that Defendants were deliberately indifferent to his medical needs where, by his own admission, they stopped prescribing narcotic medications because they believed that he was improperly using the same or other medications.  This reason is valid because it amounts to legitimate penological concerns regarding the safety of the inmates.  Cf. Turner v. Safley, 482 U.S. 78, 89 (1987) (when prison regulation impinges on inmates' constitutional rights, regulation is valid if it is reasonably related to legitimate penological interests).  Accordingly, Plaintiff's request for an independent physical evaluation is DENIED.[3]

## III.    Defendant Kelso's Motion for Summary Judgment

Plaintiff claims that Defendant Kelso knowingly destabilized Plaintiff by denying him Wellbutrin, Seroquel, and Lithium, in deliberate indifference to Plaintiff's serious medical needs.  (Compl. at 10.)   In the motion for summary judgment, Defendant Kelso argues, inter alia, that: (1) he is not a medical care provider and has no decision making power in individual cases; (2) he was not personally involved in Plaintiff's care at any time; and (3) he was not personally aware of Plaintiff's medical needs.  (Mot. for Summ. J. at 9-13.)  Plaintiff opposes the motion and argues, inter alia, that Defendant Kelso has committed perjury, and that correspondences from Defendant

---

[3]  Because the Court has denies Plaintiff's motion for preliminary injunction based on the reasons stated above, it need not address Defendants' other arguments in opposition to that motion.

United States District Court
For the Northern District of California

1    Kelso's office contain his name on the letterhead showing his direct involvement.

2         **A.    Legal Standard For Summary Judgment**

3         Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that

4    there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as

5    a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of

6    the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact

7    is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving

8    party.  Id.

9         The party moving for summary judgment bears the initial burden of identifying those

10   portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue

11   of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Where the moving party will

12   have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable

13   trier of fact could find other than for the moving party.  But on an issue for which the opposing party

14   will have the burden of proof at trial, the moving party need only point out "that there is an absence

15   of evidence to support the nonmoving party's case."  Id. at 325.

16        Once the moving party meets its initial burden, the nonmoving party must go beyond the

17   pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a

18   genuine issue for trial."  Fed. R. Civ. P. 56(e).  The Court is only concerned with disputes over

19   material facts and "factual disputes that are irrelevant or unnecessary will not be counted."

20   Anderson, 477 U.S. at 248.  It is not the task of the Court to scour the record in search of a genuine

21   issue of triable fact.  Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996).  The nonmoving party has

22   the burden of identifying, with reasonable particularity, the evidence that precludes summary

23   judgment.  Id.  If the nonmoving party fails to make this showing, "the moving party is entitled to

24   judgment as a matter of law."  Celotex, 477 U.S. at 323.

25        **B.    Applicable Law**

26        The Court has discussed above the objective and subjective elements necessary to prevail on

27   a deliberate indifference claim, i.e., that Plaintiff's medical needs were objectively serious, and that

28   Defendants possessed a sufficiently culpable state of mind.  See McGuckin, 974 F.2d at 1059-60.

**United States District Court**
For the Northern District of California

In the context of deliberate indifference to serious medical need, an administrator or supervisor may be liable if, for instance, he or she fails to respond to a prisoner's request for help. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). "It has long been clearly established that supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." Preschooler II v. Davis, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted). A supervisor therefore generally is liable "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation marks and citation omitted). "The requisite causal connection can be established . . . by setting in motion a series of acts by others, . . . or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." Id. at 1207-08 (internal quotation marks and citation omitted).

### C. **Analysis**

The evidence shows that Defendant Kelso's staff, the Controlled Correspondence Unit (CCU), received letters from Plaintiff, then investigated his complaints. (Decl. Shea, Exs. F, G.) The CCU contacted CTF health care staff, who reviewed Plaintiff's Unit Health Record and health care appeal history, and learned that Plaintiff was being evaluated on a regular basis. (Id.) CCU determined that, based on the information it received, the prison medical staff was providing for his medical needs. (Id.)

Plaintiff has failed to provide evidence that Defendant Kelso knew that Plaintiff faced a substantial risk of serious harm, and then disregarded that risk by failing to take reasonable steps to abate it. See Farmer, 511 U.S. 825, 837 (1994). Further, Plaintiff has failed to demonstrate that, as a supervisor, Defendant Kelso should have known that his actions would have resulted in a constitutional injury. See Starr, 652 F.3d at 1208. As an administrator, Defendant Kelso does not examine or treat patients, and was not personally involved in the medical care of Plaintiff. (Decl.

United States District Court
For the Northern District of California

1  Kelso ¶¶ 3, 7.)  The record shows that Defendant Kelso is responsible for "bringing the level of

2  medical care provided to California's inmates up to federal constitutional standards."  (Id. ¶ 2.)  He

3  rarely "focus[ed] on instances of individual inmate care given at the institutional level nor would it

4  [have been] feasible for [him] to be involved in decisions regarding individual inmates."  (Id. ¶ 3.)

5  He made broad policy decisions affecting 160,000 inmates in thirty-three prisons to "remedy the

6  systemic problems within the prison medical health care system."  (Id.)

7          In sum, viewing the evidence in the light most favorable to Plaintiff, the undisputed evidence

8  shows that Plaintiff wrote letters to Defendant Kelso complaining about his medical treatment, that

9  Defendant Kelso's staff followed up on the letters, and that Defendant Kelso had no knowledge of

10 the purported constitutional violations.  There is no genuine issue of material fact as to whether

11 Defendant Kelso acted with deliberate indifference to Plaintiff's medical needs.  Accordingly, he is

12 entitled to judgment as a matter of law, and his motion for summary judgment is GRANTED.[4]

13 **IV.     Motion for Leave to Amend the Answer**

14         Defendants Wilcox, Palmer, Cowan, and Benedetti seek leave to amend their answer to the

15 complaint to add the affirmative defenses of res judicata and collateral estoppel, on the ground that

16 they recently discovered that Plaintiff has pursued claims in state habeas corpus petitions that are

17 identical to the recognized medical deliberate indifference and due process claims in this case.

18 (Docket no. 63.)  Plaintiff has opposed the motion, asserting that these Defendants have dilatory

19 motives for their motion for leave to amend.  (Docket no. 84.)  A party may amend its pleading with

20 the Court's leave, and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P.

21 15(a)(2).  There is no evidence that the aforementioned Defendants have dilatory motives in moving

22 for leave to amend their answer; thus, their motion is GRANTED.

23 **V.      Motion for Judgment on the Pleadings**

24         Plaintiff's remaining claims fall into three sets: (1) that Defendants Wilcox and Siegel were

25 deliberately indifferent to Plaintiff's serious medical needs by denying him Seroquel, Wellbutrin,

26

27

28         [4] Because the Court grants Defendant Kelso's motion for summary judgment on the merits, it
need not address his other arguments.

United States District Court
For the Northern District of California

1   and Lithium;[5] (2) that Defendants Palmer, Cowan, and Benedetti violated Plaintiff's due process

2   rights in connection with three 2009 disciplinary hearings; and (3) that unserved Defendants

3   Grounds and Sisk are liable as supervisors for the claimed due process violations.  The motion for

4   judgment on the pleadings, submitted by Defendants Wilcox, Siegel, Palmer, Cowan, and Benedetti,

5   concerns the first and second of these sets of claims.  These Defendants assert that the doctrines of

6   res judicata and collateral estoppel bar Plaintiff's claims against them.

### A.    Background on State Habeas Actions

8          In 2009 and 2010, Plaintiff filed three habeas petitions in California state courts, concerning

9   events that occurred at CTF in 2009.  (Defs.' Req. for Jud. Notice (RFJN); Exs. A, I, M.)

10         Plaintiff filed his first habeas petition in the Monterey County Superior Court on June 9,

11  2009, in the case In re Michael Alan Yocom, Case no. HC 6657.  (Defs.' RFJN, Ex. A.)  In that

12  action he claimed, inter alia, that he suffers from bipolar schizophrenia, and that CTF medical

13  personnel deliberately disregarded his serious medical needs, in violation of his federal

14  constitutional rights, by denying him the medications Seroquel, Wellbutrin, and Lithium.  (Defs.'

15  RFJN, Exs. A, B.)  The petition identified "CTF's mental health dept." as the entity that had denied

16  him the medication.  (Id.)  On June 23, 2009, the Monterey County Superior Court denied the

17  petition because Plaintiff's own pleadings showed that CTF medical personnel "have consistently

18  seen and treated" Plaintiff over the years, and that they did not knowingly disregard a substantial

19  risk of serious harm to him.  (Id., Ex. B.)  Plaintiff appealed.  The state appellate court denied the

20  petition on May 20, 2010, and the state supreme court denied the petition on November 11, 2010.

21  (Defs.' RFJN, Exs. F, H.)

22         Plaintiff filed a second habeas petition in the Monterey County Superior Court on November

23  23, 2009, in the case In re Michael Alan Yocom, Case no. HC 6813.  He claimed that, regarding a

24  disciplinary hearing on July 3, 2009, Defendant Palmer violated his federal due process rights by:

25  (1) never requiring him to sign and date the rules violation report giving rise to the hearing;

26  (2) failing to give him adequate time to prepare;  (3) failing to appoint him a staff assistant; and

27

28         [5] As explained above, even though Defendant Siegel has not been served, the Court exercises
jurisdiction over this Defendant because he has appeared through counsel to assert the motion for
judgment on the pleadings.  See Benny, 799 F.2d at 492; see also Fed. R. Civ. P. 12(h)(1).

12

**United States District Court**
For the Northern District of California

1   (4) ignoring his affirmative defenses. (Defs.' RFJN, Exs. I, K, M.) In the same petition, Plaintiff

2   also asserted that Defendant Benedetti similarly violated his due process rights before and during a

3   second disciplinary hearing on September 23, 2009, and further that Plaintiff was denied witnesses

4   at that hearing. (Id.) The superior court dismissed Plaintiff's petition, finding no evidence of any

5   federal due process violations connected to either disciplinary hearing. (Id., Ex. J.) Plaintiff's

6   claims, the state superior court concluded, challenged discretionary decisions by prison officials and

7   did not state a prima facie case for relief. (Id.) The state appellate and supreme courts likewise

8   denied the petition. (Id., Exs. L, N.)

9        Plaintiff filed a third habeas petition in the Monterey County Superior Court on February 2,

10   2010, in the case In re Michael Alan Yocom, Case no. HC 6874. (Id., Ex. P.) He claimed that

11   Defendant Cowan violated his due process rights in connection with a disciplinary hearing on

12   September 7, 2009. (Defs.' RFJN, Ex. O.) He alleged that Defendant Cowan violated his due

13   process rights by: (1) never having him sign the rules violation report to waive his right to

14   postponement of the hearing; (2) denying his request to have the reporting employee present; and

15   (3) falsely claiming Plaintiff pleaded guilty and failed to call witnesses. (Id.) Finding no federal due

16   process violation, the state court of appeals and supreme court denied the petition. (Id., Exs. P, R,

17   T.)

18             **B.**        **Legal Standards for Res Judicata and Collateral Estoppel**

19        Under the doctrine of res judicata, also known as claim preclusion, "a final judgment on the

20   merits of an action precludes the parties or their privies from re-litigating issues that were or could

21   have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). "Under collateral

22   estoppel [also known as issue preclusion], once a court has decided an issue of fact or law necessary

23   to its judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of

24   action involving a party to the first case." Id. These doctrines bar not only every claim that has been

25   raised and decided, but also the assertion of any legal theory or ground for recovery that might have

26   been raised in the first action. A plaintiff cannot avoid preclusion merely by alleging conduct by the

27   defendant not alleged in the prior action, or by pleading a new legal theory. McClain v. Apodaca,

28   793 F.2d 1031, 1034 (9th Cir. 1986).

**United States District Court**
For the Northern District of California

1   The Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, requires that a federal court give

2   to a state court judgment the same preclusive effect as would be given that judgment under the law

3   of the state in which the judgment was rendered.  Migra v. Warren City School Dist. Bd. of Educ.,

4   465 U.S. 75, 81 (1984).

5   In California, a final judgment in state court "precludes further proceedings if they are based

6   on the same cause of action."  Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (quoting

7   Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004)).  A "cause of action is (1) a primary right

8   possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a

9   harm done by the defendant which consists in a breach of such primary right and duty."  Brodheim,

10  584 F.3d at 1268 (citation omitted).  If the cause of action test is satisfied, then claim preclusion

11  applies to the cause of action, even if in the later suit the plaintiff pleads different theories of

12  recovery, seeks different forms of relief, or adds new facts supporting recovery.  Id.

13  California courts do not require a defendant to have been named in the previous action for an

14  already-adjudicated issue to have preclusive effect.  Bernhard v. Bank of Am. Nat. Trust & Sav.

15  Ass'n, 19 Cal. 2d 807, 812 (1942).

16  A decision actually rendered in a state habeas proceeding "should preclude an identical issue

17  from being re-litigated in a subsequent § 1983 action if the state habeas court afforded a full and fair

18  opportunity for the issue to be heard and determined under federal standards."  Silverton v. Dept. of

19  the Treasury, 644 F.2d 1341, 1347 (9th Cir. 1981).  The "state proceedings need do no more than

20  satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in

21  order to qualify for the full faith and credit guaranteed by federal law."  Kremer v. Chemical Constr.

22  Corp., 456 U.S. 461, 482 (1982).

23  **C.     Deliberate Indifference Claims Against Defendants Wilcox and Siegel**

24  Defendants Wilcox and Siegel contend that Plaintiff's claims of deliberate indifference to

25  serious medical needs are barred by the doctrines of res judicata and collateral estoppel, based on

26  California state courts' denials of a petition for a writ of habeas corpus in In re Michael Alan Yocom,

27  Case no. HC 6657, and in the subsequent state court appeals.  (Mot. for J. on the Plead. at 3-7.)

28  Applying the California "cause of action" test, Plaintiff pursued the same cause of action in

14

state court as he does in this case.  First, the primary right Plaintiff asserted in both actions is his purported right under the Eighth Amendment to be free of deliberate indifference to his serious medical need to be prescribed Seroquel, Wellbutrin, and Lithium.  (Compl. at 10-11; Defs.' RFJN, Ex. A.)  Second, the corresponding duty for prison officials was not to be deliberately indifferent to Plaintiff's serious medical need, i.e., to prescribe him the medications.  Finally, the alleged harm was Plaintiff's resulting destabilization.

The state trial and appellate courts issued judgments on the merits of Plaintiff's claims.  See Leone v. Medical Board, 22 Cal. 4th 660, 669-70 (2000) (where a habeas petition is the only available mode of California state appellate court review, a summary denial of the petition by an appellate court is necessarily a judgment on the merits).

 In his opposition to Defendants' motion for leave to amend the answer, Plaintiff "admits freely [that] he did pursue almost identical claims in multiple state habeas corpus petitions following his same theme or theory of 'deliberate indifference.'"  (Opp'n to Mot. to Am. at 1.)  However, it is not clear whether Plaintiff intended, in the state habeas case, for Defendants Wilcox and Siegel to be construed as part of "CTF's mental health dept."  If he did, the claims have already been litigated in state court and are barred as res judicata.  Even if he did not, the claims against Defendants Wilcox and Siegel are barred by the related doctrine of collateral estoppel.  California courts do not require a defendant to have been named in the previous action for an already-adjudicated issue to have preclusive effect.  Bernhard, 19 Cal. 2d at 812.  The state trial judge found, determinatively, that Plaintiff's claims -- that he was denied Seroquel, Wellbutrin, and Lithium -- did not constitute Eighth Amendment claims of deliberate indifference to his serious medical needs.  Thus, in this case Plaintiff is collaterally estopped from arguing, as against Defendants Wilcox and Siegel, that this same denial of medication amounted to an Eighth Amendment violation.

Plaintiff argues that since he seeks different relief in the instant case, it is distinct from his state court actions for preclusion purposes.  (Opp'n to Mot. to Am. at 1.)  While it is true that the relief Plaintiff seeks differs from that which he sought in the state habeas case, the state habeas case may still serve as the basis for preclusion.  See Silverton, 644 F.2d at 1347 (applying the doctrine of collateral estoppel in a Section 1983 case where a previous state habeas decision would have granted

1  different relief than the federal case, because "the posture of the identical constitutional infringement

2  issues in each instance is the same . . . [and] [t]he mere difference in the form of relief is

3  unimportant"); see also City of Los Angeles v. Superior Court, 85 Cal. App. 3d 143, 151 (1978)

4  ("[A] litigant cannot avoid the impact of the rule against splitting causes of action by choosing for

5  his first foray a tribunal of limited jurisdiction.").

6        Plaintiff further argues in his opposition to the motion for leave to amend the answer that he

7  was not afforded a full and fair opportunity to litigate his petition in state court, because the

8  Attorney General deceived the state appellate court, and because the state appellate court failed to

9  issue more than one order to show cause.  (Opp'n to Mot. to Am. at 2.)  In order for collateral

10  estoppel to apply, the state courts must have "satisf[ied] the minimum procedural requirements of

11  the Fourteenth Amendment's Due Process Clause."  Kremer, 456 U.S. at 481.  "No single model of

12  procedural fairness [in state court proceedings], let alone a particular form of procedure, is dictated

13  by the Due Process Clause."  Id.; see also Clement v. California Dept. of Corr., 220 F. Supp. 2d

14  1098, 1108 (N.D. Cal. 2002) (holding that res judicata applies to a state habeas decision even where

15  the state court did not hold an evidentiary hearing), aff'd, 364 F.3d 1148 (9th Cir. 2004); Silverton,

16  644 F.2d at 1347 (collateral estoppel may apply to a Section 1983 case if the "state habeas court

17  afforded a full and fair opportunity for the issue to be heard and determined under federal

18  standards.").  The evidence shows that Plaintiff attached a number of documents to his habeas

19  petition in state superior court.  (Defs.' RFJN, Ex. A.)  In that court's order denying the petition, it

20  reviewed the federal law relevant to deliberate indifference to serious medical needs, then found that

21  Plaintiff's own submitted papers demonstrated that CTF staff had not been deliberately indifferent to

22  his purportedly serious medical needs.  (Id., Ex. B at 2.)  The state appellate and supreme courts

23  denied the petition.  (Id., Exs. F, H.)  Plaintiff points to no case law, and the Court could find none,

24  to suggest that because the state trial court was purportedly deceived, and because the state appellate

25  court did not issue more than one order to show cause, he did not have a full and fair opportunity to

26  litigate his claims in state court.  Deference to the state court decision is thus appropriate.  See

27  Clement, 220 F. Supp. 2d at 1108.

28        Because Plaintiff is pursuing the same deliberate indifference to serious medical needs cause

16

1   of action in this case as he did in state habeas case, and because the state courts found no Eighth

2   Amendment violation after giving Plaintiff a full and fair opportunity to litigate his claims, the

3   claims against Defendants Wilcox and Siegel are barred as res judicata, and the motion for judgment

4   on the pleadings is GRANTED as to these claims.

5           **D.    Due Process Claims Against Defendants Palmer, Cowan, and Benedetti**

6           Defendants Palmer, Cowan, and Benedetti contend that Plaintiff's due process claims against

7   them are also barred by the doctrines of res judicata and collateral estoppel, based on California state

8   courts' denials of Plaintiff's habeas petition in the Monterey County Superior Court cases In re

9   Michael Alan Yocom, Case no. HC 6813, and In re Michael Alan Yocom, Case no. HC 6874, and in

10  subsequent state court appeals.  (Mot. for J. on the Plead. at 3-7.)

11          As with the deliberate indifference claim discussed above, Plaintiff pursues the same due

12  process causes of action in this present case that he already pursued in his second and third state

13  habeas cases.  Applying the California "cause of action" test, first, Plaintiff has asserted the same

14  primary right here as he asserted in state court: due process violations in connection with prison

15  disciplinary hearings.  Second, Plaintiff claims that Defendants violated his due process rights in the

16  following ways, which he also claimed in state court: (1) that Defendant Palmer refused to allow

17  mental health assessments, staff assistance, and witnesses in the July 3, 2009 disciplinary hearing;

18  (2) that Defendant Benedetti refused to allow mental health assessments and witnesses in the

19  September 23, 2009 hearing; and (3) that Defendant Cowan refused to allow mental health

20  assessments and witnesses in the September 7, 2009 hearing.  (Compl. at 11-12; Defs.' RFJN, Exs. I,

21  M.)  Third and finally, Plaintiff claims the same harm: the sanctions imposed by the disciplinary

22  proceedings.  (Compl. at 11-13; Defs.' RFJN Exs. I, M.)

23          The state courts fairly decided Plaintiff's due process cases on the merits.  In both of the state

24  habeas actions relating to Plaintiff's due process claims, the superior court considered the relevant

25  federal law and found no due process violation based on the evidence Plaintiff submitted.  The state

26  appellate and supreme courts denied the petitions, in decisions that were necessarily on the merits of

27  Plaintiff's claims.  See Leone, 22 Cal. 4th at 669-70.

28          Because Plaintiff's due process causes of action were the same in his state habeas cases as in

this case, and because after giving Plaintiff a full and fair opportunity to litigate his claims the state courts found no due process violation in any of the disciplinary proceedings, Plaintiff's due process claims are barred as res judicata.  Therefore, the motion for judgment on the pleadings is GRANTED as to these claims.

**VI.     <u>Plaintiff's Cross Motion for Summary Judgment</u>**

Plaintiff has filed a cross motion for summary judgment which consists of a variety of unrelated allegations regarding prison staff's treatment of him since he filed this case.  These allegations may form the basis for a separate case, but they are irrelevant to Plaintiff's stated claims of deliberate indifference to his serious medical needs and violations of his due process rights.  Therefore, his cross motion for summary judgment is DENIED on this ground.

In the event that Plaintiff claims that he is entitled to as a matter of law, his motion is also without merit.  The Court has considered all of the evidence submitted by Defendants, as well as the admissible evidence submitted by Plaintiff, to evaluate whether summary judgment should be granted to Plaintiff.  See <u>Fair Housing Council of Riverside County, Inc. v. Riverside Two</u>, 249 F.3d 1132, 1135 (9th Cir. 2001).  For the reasons discussed above, the Court concludes that Plaintiff has not established that Defendants acted with deliberate indifference to his medical needs, or violated his due process rights.  When the Court, as it must, regards as true Defendants' evidence and draws all reasonable inferences in favor of them, <u>Celotex</u>, 477 U.S. at 322-23, no genuine issues of material fact exist which entitle Plaintiff to judgment as a matter of law.  Accordingly, Plaintiff's cross motion for summary judgment is DENIED on this ground.

**VII.    <u>Claims Against Unserved Defendants Grounds and Sisk</u>**

As amended, the Court has found above that the complaint properly states claims of supervisory liability against unserved Defendants Grounds and Sisk, arising from Plaintiff's due process claims against Defendants Palmer Cowan, and Benedetti.  These are the only two claims remaining in this case.

Summary judgment, or in this case -- judgment of the pleadings -- may be properly entered in favor of unserved defendants where (1) the controlling issues would be the same as to the unserved defendants, (2) those issues have been briefed, and (3) the plaintiff has been provided an

18

United States District Court
For the Northern District of California

1   opportunity to address the controlling issues.  Columbia Steel Fabricators, Inc. v. Ahlstrom

2   Recovery, 44 F.3d 800, 802-03 (9th Cir.), cert. denied, 516 U.S. 864 (1995) (citing, inter alia,

3   Silverton v. Department of the Treasury, 644 F.2d 1341, 1345 (9th Cir.), cert. denied, 454 U.S. 895

4   (1981)).

5        For the reasons stated above as to the remaining served Defendants' motion for judgment on

6   the pleadings, a similar result is also appropriate as to the claims against Defendants Grounds and

7   Sisk.  First, the controlling issue, whether Plaintiff's due process claims are barred because they have

8   already been decided in California state court, would have been the same as to unserved Defendants

9   Grounds and Sisk, had they been served.  Plaintiff's claims against Defendants Grounds and Sisk

10   arise from the same purported due process violations as Plaintiff's claims against Defendants Palmer,

11   Cowan, and Benedetti.  As discussed, the California state courts found that Defendants Palmer,

12   Cowan, and Benedetti did not violate Plaintiff's due process rights in the disciplinary hearings at

13   issue in the relevant state court cases.  Plaintiff's amended complaint does not specifically claim any

14   other due process violations against Defendants Grounds or Sisk.  The California doctrine of

15   collateral estoppel bars Plaintiff from naming new defendants in this case where his same cause of

16   action has already been decided in state court.  See Migra, 465 U.S. at 81 (federal courts must give

17   the same deference to a state court decision as would other courts of the same state); Bernhard, 19

18   Cal. 2d at 812 (in California, defendants need not be named in previous action for issue preclusion to

19   apply).  Second, the issues of res judicata and collateral estoppel have been fully briefed by the

20   attorney of Defendants Palmer, Cowan, and Benedetti, who would have also represented Defendants

21   Grounds and Sisk.  Third, Plaintiff has been provided an opportunity to address Defendants' res

22   judicata and collateral estoppel arguments.  Accordingly, unserved Defendants Grounds and Sisk are

23   also entitled to judgment on the pleadings.

24   **VIII.   Plaintiff's Remaining Motions**

25        Plaintiff has also filed motions for a settlement hearing, a court hearing, to appoint counsel,

26   and to strike Defendants' motions as well as a motion entitled, "Request Emergency Court

27   Restraining Orders and/or Injunctions Against Defendants."  (Docket nos. 33, 72, 77, 79, 80, 90, 99,

28   101, 105, 107, 115.)

19

**United States District Court**
For the Northern District of California

1    The motions for settlement hearings are DENIED.  The Court previously referred this case

2  for settlement before Magistrate Judge Nandor Vadas, who scheduled a settlement hearing on

3  August 23, 2011 at California State Prison - Solano.  (Docket no. 44.)  The case did not settle.

4  (Docket no. 70.)

5    In Plaintiff's "Request Emergency Court Restraining Orders and/or Injunctions Against

6  Defendants" filed on September 8, 2011, he generally makes factual allegations relating to events

7  that occurred around the aforementioned settlement hearing in this case.  He requests, <u>inter alia</u>, that

8  "this Court investigate the so-called 'settlement conference,' housing and medical care services, and

9  failure to return Plaintiff to his level #1 status."  (Pl.'s Sept. 8, 2011 Mot. at 3.)  The Court finds that

10  Plaintiff does not offer factual support or legal justifications for the relief he seeks; therefore, the

11  motion is DENIED.

12    The motions for court hearings are DENIED.  The Court finds this matter suitable for

13  determination on the papers.

14    The motion for appointment of counsel is DENIED as the Court has twice denied Plaintiff's

15  requests for counsel (docket nos. 12, 28), and also because Defendants' dispositive motions have

16  been granted and this case will be closed.

17    In Plaintiff's motion to strike Defendants' motion for judgment on the pleadings, Plaintiff

18  argues that the motion was untimely because it revolved around defenses asserted in Defendants'

19  motion for leave to amend the answer, which the Court had not granted at the time that the motion

20  for judgment on the pleadings was filed.  (Docket no. 105.)  Plaintiff has had a full opportunity to

21  respond to both Defendants' motion for leave to amend the answer and their motion for judgment on

22  the pleadings; therefore, he has not been prejudiced by Defendants' motions.  The motion to strike is

23  DENIED.

### **CONCLUSION**

25    For the foregoing reasons, the Court orders as follows:

26    1.    Plaintiff's first motion for leave to amend his claims against Defendants Grounds and

27  Sisk (docket no. 31) is GRANTED.

28    2.    Plaintiff's second and third motions for leave to amend the complaint (docket nos. 86,

1    92) are DENIED.

2        3.      Plaintiff's fourth motion for leave for leave to amend the complaint (docket no. 117)

3    is DENIED as moot.

4        4.      Plaintiff's renewed motion for a preliminary injunction (docket no. 32) is DENIED.

5        5.      Defendant Kelso's motion for summary judgment (docket no. 61) is GRANTED.

6        6.      The remaining served Defendants' motion for leave to amend the answer (docket no.

7    63) is GRANTED.

8        7.      The motion for judgment on the pleadings (docket no. 74) is GRANTED as to the

9    remaining served Defendants, and also as to unserved Defendants Siegel, Grounds, and Sisk.

10       8.      Plaintiff's cross motion for summary judgment (docket no. 107) is DENIED.

11       9.      Plaintiff's remaining pending motions (docket nos. 33, 72, 77, 79, 80, 90, 99, 101,

12   105, 115) are DENIED.

13       10.     The Clerk of the Court shall enter judgment in favor of Defendants, terminate all

14   other pending matters, and close the file.  All parties shall bear their own costs.

15       11.     This Order terminates Docket Nos. 31, 32, 33, 61, 63, 72, 74, 77, 79, 80, 86, 90, 92,

16   99, 101, 105, 107, 115, and 117.

17       IT IS SO ORDERED.

18
     DATED: March 30, 2012
19                                                  _____
                                                    SAUNDRA BROWN ARMSTRONG
20                                                  UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

1

2   UNITED STATES DISTRICT COURT
    FOR THE
3   NORTHERN DISTRICT OF
    CALIFORNIA
4

5

6

7   MICHAEL ALAN YOCOM,                    Case Number: CV10-03609 SBA

                Plaintiff,
8                                          **CERTIFICATE OF SERVICE**

      v.
9

    CTF-SOLEDAD et al,
10

                Defendant.
11   _____/

12   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
13   Court, Northern District of California.

14   That on April 13, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said
     copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
15   said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
     receptacle located in the Clerk's office.
16

17

18   Michael Alan Yocom K-22960
     D6-05L
19   CTF-Soledad State Prison - South Yard Facility
     P.O. Box 690
20   Soledad, CA 93960-0690

21   Dated: April 13, 2012

22                                         Richard W. Wieking, Clerk
                                           By: Lisa Clark, Deputy Clerk
23

24

25

26

27

28