IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ALAN YOCOM,

    Plaintiff,

v.

RANDY GROUNDS, Warden, et al.,

    Defendants.

No. C 10-03609 SBA (PR)

**ORDER DIRECTING DEFENDANTS TO FILE A RESPONSE TO PLAINTIFF'S PENDING MOTIONS RELATING TO THE COURT'S MARCH 30, 2012 ORDER GRANTING THEIR DISPOSITIVE MOTIONS**

## INTRODUCTION

Plaintiff, a state prisoner incarcerated at the Correctional Training Facility (CTF), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 claiming Defendants violated his constitutional rights. In an Order dated March 30, 2012, the Court granted Defendant Kelso's motion for summary judgment, and granted the motion for judgment on the pleadings as to Plaintiff's claims against served Defendants Wilcox, Siegel, Palmer, Cowan, and Benedetti as well as unserved Defendants Siegel, Grounds, and Sisk. In addition, the Court denied Plaintiff's cross motion for summary judgment.

On April 20, 2012, Plaintiff filed a notice of appeal as well as a motion entitled, "Motion for the Reconsideration of the Court's Final Judgement [sic] (03-30-2012) Pursuant to (Fed. R. App. P. 4(a)4)[,] Motion to Amend or Alter the Judgement [sic] (FRCP, Rule #59(e))[, and] Motion for Oral Hearging(s) [sic]" (docket no. 121), which the Court will construe as a motion for reconsideration of the Court's March 30, 2012 Order. On April 24, 2012, Plaintiff filed a document entitled, "Supplemental Brief to His Timely Filed Motion For Reconsideration of the Court's Final Judgement [sic]" (docket no. 123). On May 22, 2012, Plaintiff filed another motion, entitled, "Notice of Plaintiff's Motion to Alter and/or Amend the Judgement [sic], and Motion to Consolidate Federal Habeas Corpus Proceedings with (1983) Civil Rights Action" (docket no. 127).[1]

---

[1] Plaintiff currently has a federal habeas corpus action pending before the Honorable Edward J. Davila, Case No. C 10-3806 EJD (PR).

**DISCUSSION**

Motions to reconsider a decision of the court are appropriately brought under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1422 (9th Cir. 1991). Pursuant to Rule 59(e), reconsideration may be appropriate where the movant demonstrates that there is (1) an intervening change in the controlling law, (2) new evidence not previously available, or (3) a need to correct a clear error of law or to prevent manifest injustice. McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect, (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision, (3) fraud by the adverse party, (4) a void judgment, (5) a satisfied or discharged judgment, or (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

In its March 30, 2012 Order, the Court found that there was no genuine issue of material fact as to whether Defendant Kelso acted with deliberate indifference to Plaintiff's medical needs, and granted Defendant Kelso's motion for summary judgment. Plaintiff's remaining claims fell into three categories: (1) that Defendants Wilcox and Siegel were deliberately indifferent to Plaintiff's serious medical needs by denying him Seroquel, Wellbutrin, and Lithium; (2) that Defendants Palmer, Cowan, and Benedetti violated Plaintiff's due process rights in connection with three 2009 disciplinary hearings; and (3) that unserved Defendants Grounds and Sisk were liable as supervisors for the claimed due process violations. Defendants Wilcox, Siegel, Palmer, Cowan, and Benedetti filed a motion for judgment on the pleadings concerning the first and second of these categories of claims. These Defendants asserted that the doctrines of res judicata and collateral estoppel bar Plaintiff's claims against them.

Defendants Wilcox and Siegel argued that the claims against them were barred by the doctrines of res judicata and collateral estoppel based on California state courts' denials of a petition

2

1 for a writ of habeas corpus in the Monterey County Superior Court case <u>In re Michael Alan Yocom</u>,
2 Case no. HC 6657, and in the subsequent state court appeals. In its March 30, 2012 Order, the Court
3 granted Defendants Wilcox's and Siegel's motion upon determining that: (1) Plaintiff was pursuing
4 the same deliberate indifference to serious medical needs cause of action in this case as he did in
5 state habeas case; and (2) because the state courts found no Eighth Amendment violation after
6 giving Plaintiff a full and fair opportunity to litigate his claims, the claims against Defendants
7 Wilcox and Siegel were barred as res judicata. The Court also found that Plaintiff's claims against
8 Defendants Wilcox and Siegel were barred by the related doctrine of collateral estoppel. The Court
9 examined the record and concluded that the state trial judge found, determinatively, that Plaintiff's
10 claims -- that he was denied Seroquel, Wellbutrin, and Lithium -- did not constitute Eighth
11 Amendment claims of deliberate indifference to his serious medical needs. Thus, the Court found
12 that Plaintiff was collaterally estopped from arguing, as against Defendants Wilcox and Siegel, that
13 this same denial of medication amounted to an Eighth Amendment violation.

14 Defendants Palmer, Cowan, and Benedetti argued that Plaintiff's due process claims against
15 them were also barred by the doctrines of res judicata and collateral estoppel, based on California
16 state courts' denials of Plaintiff's habeas petition in the Monterey County Superior Court cases <u>In re
17 Michael Alan Yocom</u>, Case no. HC 6813, and <u>In re Michael Alan Yocom</u>, Case no. HC 6874, and in
18 the subsequent state court appeals. Again, in its March 30, 2012 Order, the Court granted
19 Defendants Palmer's, Cowan's, and Benedetti's motion upon determining that: (1) Plaintiff's due
20 process causes of action were the same in his state habeas cases as in this case; and (2) because after
21 giving Plaintiff a full and fair opportunity to litigate his claims the state courts found no due process
22 violation in any of the disciplinary proceedings, Plaintiff's due process claims were barred as res
23 judicata.

24 In its March 30, 2012 Order, the Court also determined that a similar result was also
25 appropriate as to the claims against unserved Defendants Grounds and Sisk because: (1) the
26 controlling issue, whether Plaintiff's due process claims were barred upon having already been
27 decided in California state court, would have been the same as to unserved Defendants Grounds and
28 Sisk, had they been served; (2) Plaintiff's claims against Defendants Grounds and Sisk arose from

3

the same purported due process violations as Plaintiff's claims against Defendants Palmer, Cowan, and Benedetti; (3) the California state courts found that Defendants Palmer, Cowan, and Benedetti did not violate Plaintiff's due process rights in the disciplinary hearings at issue in the relevant state court cases; (4) Plaintiff's amended complaint did not specifically claim any other due process violations against Defendants Grounds or Sisk; (5) the California doctrine of collateral estoppel barred Plaintiff from naming new defendants in this case where his same cause of action had already been decided in state court; (6) the issues of res judicata and collateral estoppel had already been fully briefed by the attorney of Defendants Palmer, Cowan, and Benedetti, who would have also represented Defendants Grounds and Sisk; and (7) Plaintiff had been provided an opportunity to address Defendants' res judicata and collateral estoppel arguments. Therefore, the Court determined that unserved Defendants Grounds and Sisk were also entitled to judgment on the pleadings.

Finally, in its March 30, 2012 Order, the Court denied Plaintiff's cross motion for summary judgment, which consisted of a variety of unrelated allegations regarding the prison staff's treatment of him since he filed this case. The Court concluded that while these allegations may form the basis for a separate case, they were irrelevant to Plaintiff's stated claims of deliberate indifference to his serious medical needs and violations of his due process rights. Therefore, his cross motion for summary judgment was denied on this ground. In the event that Plaintiff claimed that he was entitled to judgment as a matter of law, the Court found that his motion was also without merit. The Court determined that it had considered all of the evidence submitted by Defendants, as well as the admissible evidence submitted by Plaintiff, to evaluate whether summary judgment should be granted to Plaintiff. Thus, the Court concluded that Plaintiff has not established that Defendants acted with deliberate indifference to his medical needs, or violated his due process rights. Therefore, Plaintiff's cross motion for summary judgment was denied on this ground as well.

In his pending motions, Plaintiff takes issue with the fact that the Court granted Defendants' dispositive motions without an "oral hearing." (Pl.'s Apr. 20, 2012 Mot. for Recons. at 4.) Plaintiff also argues that the Court "incorrectly ruled that plaintiff neither has a 'deliberate indifference' case against the parties or the federal receiver." (Id.) Plaintiff claims that in In re Michael Alan Yocom, Case no. HC 6657, "the trial court never addressed either the 8th Amendment 'deliberate

4

indifference' complaints surrounding his health care at the prison because the Court ruled on page #2, second paragraph, that [he] failed to exhaust remedies." (Id. at 7.) Thus, Plaintiff argues that his "mental care complaints in Monterey County, the Court of Appeals, or the California Supreme Court absolutely has never been addressed [on] the merits of his complaints in any state court, thus there can be no legal res judicata and/or collateral estoppel effect." (Id. at 8.) Similarly, Plaintiff argues that "no state Court denied any merits of . . . allegations that custody personnel didn't follow mental health protocol in the three disciplinary hearings prior to creating state created liberty interest in the forfeiture of the plaintiff's (90) plus days of conduct credits." (Id. at 11.) Furthermore, Plaintiff claims that "he can demonstrate his case against defendant Kelso based upon his personal involvement in the Constitutional violation, or (2) a sufficient causal connection between the Supervisor Mr. Kelso's wrongful conduct and the constitutional violations." (Id. at 10.) This Court notes that, in his motion for reconsideration, Plaintiff does not seem to challenge the denial of his cross motion for summary judgment.

In his May 22, 2012 motion relating to the Court's March 30, 2012 Order, Plaintiff "moves this Court to consolidate his federal habeas corpus proceedings with his (1983) civil rights action, after this Court reverses it's [sic] final judgement [sic]." (Pl.'s May 22, 2012 Mot. at 1.) Plaintiff states that his pending federal habeas corpus action, Case No. C 10-3806 EJD (PR), challenges "prison disciplinary hearing proceedings related to the state created liberty interest forfeitures of conduct credits directly related to the civil rights complaint under 42 U.S.C. 1983 . . . ." (Id. at 2.)

Based on Plaintiff's factual arguments that this Court erred in its March 30, 2012 Order granting Defendants' dispositive motions, Defendants are directed to respond to Plaintiff's arguments before the Court can resolve the pending motions relating to its March 30, 2012 Order granting Defendants' dispositive motions.

## **CONCLUSION**

Based on the foregoing, the Court directs Defendants no later than **fourteen (14) days** from the date of this Order: (1) to respond Plaintiff's aforementioned arguments requesting reconsideration in his pending motions relating to the Court's March 30, 2012 Order granting Defendants' dispositive motions; (2) to attach copies of any state court decision discussed in their

response; and (3) to specifically respond to Plaintiff's request to consolidate this action with his federal habeas action, Case No. C 10-3806 EJD (PR), in the event that the Court decides to grant his motion for reconsideration. This matter will be submitted once Defendants file their response. At that time, the Court will resolve Plaintiff's pending motions in a separate written Order.

IT IS SO ORDERED.

DATED: 6/14/12

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.10\Yocom3609.fileRESP2recons.wpd      6

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ALAN YOCOM,

        Plaintiff,

  v.

CTF-SOLEDAD et al,

        Defendant.

Case Number: CV10-03609 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 18, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Alan Yocom K-22960
D6-05L
CTF-Soledad State Prison - South Yard Facility
P.O. Box 690
Soledad, CA 93960-0690

Dated: June 18, 2012

                                      Richard W. Wieking, Clerk
                                      By: Lisa Clark, Deputy Clerk