UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL ALAN YOCOM, | Case No: C 10-3609 SBA |
| Plaintiff, | **ORDER DENYING MOTIONS FOR RECONSIDERATION, TO ALTER OR AMEND THE JUDGMENT FOR CONSOLIDATION AND FOR A HEARING** |
| vs. | |
| RANDY GROUNDS, et al., | |
| Defendants. | Docket Nos. 121, 127 |

The parties are presently before the Court on Plaintiff Michael Alan Yocom's motions: (1) for reconsideration, doc. no. 121; (2) to alter judgment, doc. nos. 121 and 127; (3) for a hearing regarding judgment, doc. no. 121; (4) to amend or correct the judgment, doc. no. 127; and (4) for consolidation, doc. no. 127.   Having read and considered the papers filed in connection with these matters, the Court hereby DENIES the motions for the reasons set forth below.  The Court, in its discretion, finds these matters suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.     **BACKGROUND**

On August 17, 2010, Plaintiff filed the instant civil rights action, alleging claims of deliberate indifference to serious medical needs against Defendants Wilcox and Siegel, and supervisory liability against Defendant Receiver Kelso.  In addition, Plaintiff brought claims for due process violations against Defendants Palmer, Cowan and Benedetti based on three rules violation proceedings.

On March 30, 2012, the Court issued an Order granting Kelso's summary judgment motion and granting judgment on the pleadings as to the remaining Defendants.  Dkt. 118. The Court ruled that Plaintiff had failed to provide evidence establishing supervisory liability on the part of Kelso and that the claims against the other Defendants were barred

by the doctrines of res judicata and collateral estoppel.  Plaintiff filed a notice of appeal of the Court's March 30, 2012 decision.  Dkt. 120.

On April 20 and May 22, 2012, Plaintiff filed the above-referenced motions.  Dkt. 121, 127.[1]  Defendants filed oppositions thereto.  Dkt. 134.  Thereafter, Plaintiff filed a document entitled, "Notice of Denial of Federal Review of Causes of Action or Writ of Habeas Corpus and Request for Writ of Mandate or Prohibition," which the Court liberally construes as a reply brief.  Dkt. 135.

## II.   DISCUSSION

### A.  Motions for Reconsideration and to Alter or Amend the Judgment

Motions to reconsider a decision of the court are appropriately brought under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure.  Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991).  Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985).  Rule 59(e) allows a party to move to "alter or amend a judgment…."   "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is 'necessary to correct manifest errors of law or fact upon which the judgment is based;' 2) the moving party presents 'newly discovered or previously unavailable evidence; 3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law."  Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (citations omitted).  Relief based on this rule generally is reserved for "highly unusual circumstances."  School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

As to Defendant Kelso, Plaintiff's motion for reconsideration does not recite a change in the law, newly- discovered evidence or clear error by the Court.  Therefore, the motion to reconsider the Court's decision to grant summary judgment for Kelso is denied.

---

[1] The appeal is being held in abeyance pending resolution of Plaintiff's motion for reconsideration.  Dkt. 124.

With regard to the Court's ruling in favor of Defendants Wilcox and Siegel on Plaintiff's deliberate indifference claim and in favor of Defendants Palmer, Cowan and Benedetti on his Due Process claims, Plaintiff repeats his argument that the doctrine of res judicata does not apply because the previous state court judgments were not based on the merits of his claims. This contention lacks merit. In its March 30, 2012 Order, the Court reviewed the two state court decisions which rejected Plaintiff's Due Process claims, and concluded that they disposed of his claims on the merits. See March 30, 2012 Order at 17. Therefore, Plaintiff's motion to reconsider the Order granting judgment to Defendants Palmer, Cowan and Benedetti on the Due Process claims is denied.

However, in relation to the deliberate indifference claim, the Court did not specifically analyze the argument that Plaintiff raises here; namely, that the state judgment on which the Court relied for application of res judicata was not on the merits on the ground that Plaintiff had not exhausted state administrative remedies prior to filing his case in state court. The Court addresses this argument here, and begins by first summarizing the relevant facts.

Plaintiff filed habeas petitions in the Monterey County Superior Court (In re Michael Alan Yocom, case no. HC 6657), the California Court of Appeal (In re Michael Alan Yocom, case no. H035189), and the California Supreme Court (In re Michael Alan Yocom, case no. S186028) in which he asserted that Defendants were deliberately indifferent to his serious mental health needs by denying him prescriptions for Seroquel and Wellbutrin. The Monterey Superior Court denied the mental health claim on the ground that Plaintiff had failed to exhaust administrative remedies. In his petition to the Court of Appeal, Plaintiff argued that he should be excused from the exhaustion requirement due to the injuries he would suffer without proper mental health care. See Defs.' Request for Judicial Notice, Ex. C, Pl's Pet. in Monterey Court of Appeal at 6 ("Regardless of the fact that petitioner hasn't totally exhausted administrative remedies as is normally required to bring this writ, . . . this Court has the discretion to hear this matter now. Injuries have already occurred due to negligent medical care (mental health care) here . . . This Court has the power and the

authority to intervene and order independent evals and/or order the non-formulary meds: Seroquel and Wellbutrin be ordered now."). The Court of Appeal instructed the parties to brief the merits of Plaintiff's claim. <u>See</u> Pl.'s Opp'n Ex. B at 7 (March 4, 2010 Letter from Court of Appeal). The parties complied with the court's order and filed briefs on Plaintiff's Eighth Amendment deliberate indifference claim. <u>See</u> Defs.' Ex. B, Attorney General's informal response; Ex. C, Pl.'s informal response. Subsequently, the Court of Appeal issued a one-sentence denial of the petition. <u>See</u> Defs' Ex. D. The California Supreme Court also denied Plaintiff's petition. <u>See</u> Defs.' Request for Judicial Notice, Ex. H.

In their motion for judgment on the pleadings, Defendants argued that the appellate court judgment denying the petition was a final judgment on the merits for purposes of applying res judicata to Plaintiff's deliberate indifference claim here. Under the doctrine of res judicata, also known as claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980). The Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, requires that a federal court give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. <u>Migra v. Warren City School Dist. Bd. of Educ.</u>, 465 U.S. 75, 81 (1984).

In California, a final judgment in state court "precludes further proceedings if they are based on the same cause of action." <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1268 (9th Cir. 2009) (quoting <u>Maldonado v. Harris</u>, 370 F.3d 945, 951 (9th Cir. 2004)). A "cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." <u>Brodheim</u>, 584 F.3d at 1268 (citation omitted). If the cause of action test is satisfied, then claim preclusion applies to the cause of action, even if in the later suit the plaintiff pleads different theories of recovery, seeks different forms of relief, or adds new facts supporting recovery. <u>Id.</u> Therefore, a prior judgment is

not res judicata on a subsequent action unless three elements are satisfied: (1) the issues decided in the prior suit must be identical to those presented in the subsequent action; (2) there was a final judgment on the merits in the first action; and (3) the party against whom the claim is raised was a party or in privity with a party in the prior adjudication. Consumer Advocacy Gp., Inc. v. ExxonMobil Corp., 168 Cal. App. 4th 675, 686 (2008).

Here, Plaintiff challenges the Court's ruling only on the ground that there allegedly was no final judgment on the merits. That argument is unavailing. It is true that Plaintiff did not exhaust remedies before he filed his petition in Monterey Superior Court and that the court denied his deliberate indifference claim for failure to exhaust remedies. Thus, the state trial court's decision was not on the merits. The same cannot be said of Plaintiff's appellate petition. When Plaintiff filed his petition with the California Court of Appeal, it was a *new petition*, as opposed to an appeal of the superior court's judgment. See People v. Gallardo, 77 Cal. App. 4th 971, 985-86 (2000) (a petitioner cannot appeal the denial of a petition, he must file a new petition in a higher court). Therefore, the superior court's lack of exhaustion ruling was not before the Court of Appeal.

In his new petition to the Court of Appeal, Plaintiff requested that the court consider his mental health deliberate indifference claim, even though he did not exhaust administrative remedies. In California, administrative remedies need not be exhausted if irreparable harm would result from pursuit of such a remedy. See In re Strick, 148 Cal. App. 3d 906, 911 (1983) (noting that exhaustion requirement does not apply if the remedy is inadequate). Thus, the California Court of Appeal acted within its discretion in instructing the parties to brief the merits of Plaintiff's deliberate indifference claim, irrespective of whether Plaintiff had exhausted administrative remedies. Therefore, despite the fact that Plaintiff did not exhaust his deliberate indifference claim, the appellate court considered the merits of the claim before denying it.

Furthermore, the fact that the appellate court issued a summary denial does not mean that it did not consider the merits of the claim. See In re Clark, 5 Cal. 4th 750, 769 n.9 (1993) (summary denial of habeas corpus petition does not mean that the court has not

considered the claims on their merits; unless a procedural bar is apparent, the court will determine whether the petition states facts which, if true, entitle the petitioner to relief). Therefore, the state appellate court's rejection of Plaintiff's deliberate indifference claim was on the merits and, thus, res judicata precludes litigation of the same claim here. Accordingly, Plaintiff's motion for reconsideration of this claim is denied.

### B. Motion for Consolidation

Under Rule 42 of the Federal Rules of Civil Procedure, if actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all matters at issue in the actions or consolidate the actions. Plaintiff argues that this case should be consolidated with his petition for a writ of habeas corpus, Case No. C 10-3806 EJD (PR), because his habeas petition alleges similar claims to those he presents in this civil rights case. However, the law that pertains to federal habeas claims differs from the law applicable to civil rights claims. As Petitioner himself acknowledges, his habeas petition focuses on the fact that his sentence was increased due to improper prison disciplinary procedures. However, whether Plaintiff's sentence was increased is not relevant to whether his constitutional rights were violated. Furthermore, Heck v. Humphrey 512 U.S. 477, 486 (1994) bars civil rights claims that call into question the validity of a state criminal conviction or sentence, unless the plaintiff can show that the criminal conviction has been invalidated. Thus, Plaintiff's habeas claims, which are aimed at reducing his sentence, cannot be consolidated with this now-closed civil rights case.

For the foregoing reasons, the Court denies Plaintiff's motion for consolidation.

## III. CONCLUSION

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motions for reconsideration, to alter or amend the judgment, for consolidation and for a hearing on these motions are DENIED.

2. This Order terminates Docket Nos. 121 and 127.

3. The Clerk of the Court shall send a copy of this Order to the Ninth Circuit Court of Appeals.

1    IT IS SO ORDERED.

2    Dated:  December 12, 2012                    _____
                                                  SAUNDRA BROWN ARMSTRONG
3                                                 United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21   G:\PRO-SE\SBA\CR.10\Yocom v. Grounds 10-3609 Recon Deny Footer.dotx.docx

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ALAN YOCOM,

       Plaintiff,

  v.

CTF-SOLEDAD et al,

       Defendant.

_____/

Case Number: CV10-03609 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 13, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Alan Yocom
20731 Rd. 254
Strathmore, CA 93267

Dated: December 13, 2012

                      Richard W. Wieking, Clerk
                      By: Lisa Clark, Deputy Clerk